[No. B079428. Second Dist., Div. Seven. July 13, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN CARLOS MARTINEZ, Defendant and Appellant.

**COUNSEL**

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Sally P. Brajevich, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOODS (Fred), J.**—Juan Carlos Martinez (appellant), Nelson Salvador Castillo, and Jesse James Tarver were charged with a special circumstance murder, robbery, and several attempted robberies. The prosecution's severance motion was granted and appellant was tried alone.

A jury convicted appellant of first degree murder (Pen. Code,[1] § 187; count I) and found true as special circumstances (§ 190.2, subd. (a)(17)) personal firearm use (§ 12022.5), and principal armed with a firearm (§ 12022, subd. (a)(1)) allegations. The jury also convicted appellant of robbery (§§ 211, 12022.5, 12022, subd. (a)(1); count III) and four counts of attempted robbery (§§ 664/211, 12022.5, 12022, subd. (a)(1); counts II, IV, V, and VI) but acquitted him of one attempted robbery count (§§ 664/211; count VII).

Appellant contends that as to two charges, the murder and attempted robbery of Charles Roger Doll (counts I and II), and the attempted robbery special circumstance, the prosecution failed to establish a corpus delicti. Appellant also contends the trial court erred in refusing an accessory after the fact instruction (§ 32), a lesser related offense to murder.

---

[1] Statutory references, unless otherwise noted, are to the Penal Code.

We find no error and affirm the judgment.

FACTUAL BACKGROUND

We summarize the three separate incidents involved in the trial. Our perspective favors the judgment. (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303-304 [228 Cal.Rptr. 228, 721 P.2d 110].)

*March 4, 1990, robbery of Jong Shik Jung*[2]

On Sunday, March 4, 1990, at about 8:30 p.m. Jong Shik Jung was working as a security guard at the Lotex Plaza Hotel on Olympic Boulevard near Gramercy Place in Los Angeles. He was in uniform and armed with a .38-caliber revolver, serial No. JZ52007.

Two male Hispanics walked by Mr. Jung while he stood by the hotel parking lot gate. The two men paused, talked for a minute or two, returned to Mr. Jung, and asked how to get to Crenshaw Boulevard. He told them. Then one of the men opened Mr. Jung's jacket, put his hand on Mr. Jung's revolver, and asked for the gun. Mr. Jung saw that the other man had a gun pointed at his head. Mr. Jung raised his hands and one of the men took his revolver and speed loader. The two men walked away.

After a moment, Mr. Jung chased the men but desisted when one of them fired into the air. Mr. Jung returned to the hotel and called the police.

On July 10, 1991, when shown a photo "lineup," Mr. Jung identified appellant as looking "similar" to one of the Hispanic robbers.

On July 31, 1991, at a live lineup, Mr. Jung identified appellant as one of the robbers.

Mr. Jung was not asked to make an in-court identification.

*March 11, 1990, 10 p.m. robbery and attempted robberies*[3]

On Sunday, March 11, 1990, about 10 p.m. Jose Villa and three female friends were in his Honda Prelude, parked in an alley, waiting to enter the Mannequins nightclub on Sunset Boulevard in West Hollywood. Jesse James Tarver approached their car and asked if they had any cigarettes. They said no and he walked away, joining appellant who was nearby.

[2]Appellant was found not guilty of this robbery. As we later explain, evidence of the robbery is relevant to the Charles Roger Doll attempted robbery corpus delicti.

[3]Appellant judicially confessed to these offenses and does not contest his convictions of them.

A few minutes later, when other nearby cars had left, Tarver and appellant approached Mr. Villa and his companions and demanded their money. Tarver held a .22-caliber gun and appellant held a .38-caliber revolver, Mr. Jung's weapon, stolen a week earlier. Mr. Villa gave them his money, approximately $30 or $40. The young women had no money.

Appellant ordered Mr. Villa and the young women out of the car. Appellant then got in, backed it up, and after Tarver entered, drove away. Their confederate, Nelson Salvador Castillo, followed them in his car.

*March 11, 1990, 11:50 p.m. murder of Charles Roger Doll*

On March 11, 1990, at 11:50 p.m. Los Angeles Police Officer Darryl Williams responded to a "shots fired" broadcast and within a minute arrived at the upper level parking structure of the Century 7 Movie Theater near Victory and Coldwater in Hollywood. Lying facedown was a uniformed security guard, Charles Roger Doll. The barrel of his gun, near his right hand, protruded from his shoulder. He had been fatally shot.

Next to the victim was a Honda Prelude, Mr. Villa's car, with the key in the ignition. Nelson Salvador Castillo's fingerprints were found on the car and Jesse James Tarver's fingerprints were found on a cellophane cigarette wrapper inside the car.

An autopsy determined Mr. Doll had been shot five times by three different weapons: a .22-caliber, a .9-millimeter, and a .38-caliber.

On April 25, 1990, Jesse James Tarver saw a police officer and discarded Mr. Jung's .38-caliber revolver. It was recovered and compared with the .38-caliber bullet from Mr. Doll's body. They matched.

On December 22, 1990, appellant, in custody on another charge, was interviewed by Detective Medina. Appellant waived his *Miranda* rights and gave a signed statement to Detective Medina. In the statement appellant admitted that he, Castillo, and Tarver were on the upper level parking structure waiting to rob any exiting theater patron. He stated the security guard approached them and Castillo and Tarver shot him.

On December 26, 1990, appellant was interviewed by Detective Hernandez. He stated that when Castillo and Tarver pointed their guns at the security guard the security guard attempted to withdraw his weapon but appellant, with both his hands, "grabbed the security guard's hand which was holding his gun." Appellant was unable to prevent the security guard

from withdrawing his weapon and "backed off." Appellant told Detective Hernandez that Castillo and Tarver shot the security guard.

Appellant also told Detective Hernandez " 'it was everybody's idea, including mine, to take the guard's gun. We went to the top level parking lot and waited for the guard.' "

DISCUSSION

*Corpus delicti*

Appellant impliedly concedes that *with* his extrajudicial statements the evidence was sufficient to prove an attempted robbery and murder of Charles Roger Doll. But appellant contends the prosecution failed to establish the corpus delicti of the Doll attempted robbery. This failure, appellant argues, flaws the Doll attempted robbery conviction (count II), the murder special-circumstance finding, and even the felony-murder-based murder conviction (count I).

For two separate reasons appellant is mistaken. We explain.

■ Appellant sought to exclude his extrajudicial statements and dismiss the Doll attempted robbery count and special circumstance allegation in several ways. First, in a pretrial section 995 motion he argued the preliminary hearing evidence failed to establish the corpus delicti of the Doll attempted robbery count and special circumstance allegation. The motion was denied. Second, he moved to suppress his statements on the ground they were the product of his unlawful arrest (§ 1538.5). The motion was denied. Third, in a pretrial hearing (Evid. Code, § 402) he sought to exclude his statements as involuntary and obtained in violation of *Miranda* (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]). The motion was denied.

Thereafter, appellant "never lodged an objection on this ground." (*People* v. *Wright* (1990) 52 Cal.3d 367, 404 [276 Cal.Rptr. 731, 802 P.2d 221.) Appellant did not object when Detective Medina testified to appellant's December 22, 1990, extrajudicial statements. Nor, thereafter, in the trial court, did appellant "assert insufficiency of the evidence based on the corpus delicti rule. . . ." (*People* v. *Sally* (1993) 12 Cal.App.4th 1621, 1628 [16 Cal.Rptr.2d 161].)

As our Supreme Court has stated: "By failing to object, defendant cannot now complain the evidence was improperly admitted [citation]. It may well

be that 'proof of the corpus delicti was available and at hand during the trial, but in the absence of [a] specific objection calling for such proof it was omitted.'" (*People* v. *Wright*, *supra*, 52 Cal.3d 367, 404; see also *People* v. *Sally*, *supra*, 12 Cal.App.4th 1621, 1628.)

■ The second reason appellant is mistaken is the corpus delicti of the Doll murder and of the Doll attempted robbery *were* established.

Contrary to appellant's assertion, the corpus delicti of the Doll murder was established by proof of death caused by a criminal agency. (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) § 136, pp. 152-153.) Although the prosecution relied upon the attempted robbery of Mr. Doll to prove first degree murder, "[t]he degree of a crime is not part of the corpus delicti of the crime. Thus, in a prosecution for homicide in the course of robbery, it is enough for the prosecution to prove the corpus delicti of *homicide*. There is no need to prove the corpus delicti of the *robbery*. . . ." (*Id.* at p. 154; original italics.) (*People* v. *Cantrell* (1973) 8 Cal.3d 672, 680-681 [105 Cal.Rptr. 792, 504 P.2d 1256] overruled on other grounds by *People* v. *Wetmore* (1978) 22 Cal.3d 318, 324 [149 Cal.Rptr. 265, 583 P.2d 1308] and *People* v. *Flannel* (1979) 25 Cal.3d 668, 684-685, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1].)

■ To establish the corpus delicti of the attempted robbery count and attempted-robbery special-circumstance allegation[4] only a "slight or prima facie showing" was required. (*People* v. *Jennings* (1991) 53 Cal.3d 334, 364 [279 Cal.Rptr. 780, 807 P.2d 1009]; 1 Witkin & Epstein, Cal. Criminal Law, *supra*, § 140, p. 156.) "To meet the foundational test the prosecution need not eliminate all inferences tending to show [no crime was committed]. Rather, the foundation may be laid by the introduction of evidence which creates a reasonable inference [a crime was committed] even in the presence of an equally plausible noncriminal explanation of the event." (*People* v. *Jacobson* (1965) 63 Cal.2d 319, 327 [46 Cal.Rptr. 515, 405 P.2d 555].) Although appellant was found not guilty of the Jung robbery (count VII) evidence of that robbery and of appellant's participation was admissible to prove the corpus delicti of the Doll attempted robbery. (*People* v. *Griffin* (1967) 66 Cal.2d 459, 464-465 [58 Cal.Rptr. 107, 426 P.2d 507]; *People* v. *Gray* (1968) 259 Cal.App.2d 846, 853 [66 Cal.Rptr. 654]; 1 Witkin, Cal. Evidence (3d ed. 1986) § 360, p. 330.) Moreover, appellant's *testimony* (in contrast to his extrajudicial statements) was admissible to prove the corpus delicti. (1 Witkin & Epstein, Cal. Criminal Law, *supra*, § 140, pp. 156-157.)

---

[4]The corpus delicti rule applies to felony-based special-circumstance allegations (*People* v. *Mattson* (1984) 37 Cal.3d 85, 93-94 [207 Cal.Rptr. 278, 688 P.2d 887]) concerning crimes committed before June 5, 1990. (*People* v. *Zapien* (1993) 4 Cal.4th 929, 985, fn. 7 [17 Cal.Rptr.2d 122, 846 P.2d 704].)

We find the following evidence constitutes a prima facie showing there was an attempted robbery of Charles Roger Doll: on a Sunday evening (March 4, 1990) when a uniformed security guard was standing alone, two Hispanic men, one of whom looked like appellant, approached and robbed him of his .38-caliber revolver; a week later, on a Sunday evening, two Hispanic men and a Black man (Jesse James Tarver) robbed Jose Villa and attempted to rob his three female friends; appellant, a Hispanic man, used the .38-caliber revolver stolen a week earlier from Mr. Jung in the Jose Villa robbery; about an hour and a half after robbing Mr. Villa appellant helped Charles Roger Doll, a uniformed security guard, change a flat tire;[5] appellant knew the security guard had a gun and walked through the parking area; Castillo, appellant's confederate, parked his "getaway" car on the street (see fn. 5); appellant and his confederates went to the upper level parking structure to "probably . . . pull a robbery" (see fn. 5); the upper level parking area was not visible from the lower levels; Charles Roger Doll walked to the upper parking level, was shot five times by three different guns but managed to draw his own weapon and fire three shots before dying.

Although not the only possible explanation, this evidence creates a "reasonable inference" (*People* v. *Jacobson, supra,* at p. 327) that appellant and his confederates attempted to rob Mr. Doll of his firearm and when he resisted they fatally shot him and fled. (Cf. *People* v. *Robbins* (1988) 45 Cal.3d 867 [248 Cal.Rptr. 172, 755 P.2d 355]; *People* v. *Jacobson, supra,* 63 Cal.2d 319; *People* v. *Jennings, supra,* 53 Cal.3d 334.)[6]

*Intent to kill*

■ Appellant also claims the special circumstance allegation was not proved because, as an aider and abettor, the prosecution was required to prove he had an intent to kill. (*Carlos* v. *Superior Court* (1983) 35 Cal.3d 131, 150 [197 Cal.Rptr. 79, 672 P.2d 862].) Appellant is mistaken.

"[A]n intent to kill is no longer an element of a felony-based special circumstance if the defendant is the actual killer." (*People* v. *Payton* (1992) 3 Cal.4th 1050, 1062 [13 Cal.Rptr.2d 526, 839 P.2d 1035].) The jury, by finding appellant personally used a firearm in the murder of Mr. Doll, determined he was one of the killers, not just an aider and abettor.

---

[5]Appellant so testified.

[6]Cases relied upon by appellant (*People* v. *Thompson* (1980) 27 Cal.3d 303 [165 Cal.Rptr. 289, 611 P.2d 883]; *People* v. *Harvey* (1984) 163 Cal.App.3d 90 [208 Cal.Rptr. 910]; *People* v. *Guerrero* (1976) 16 Cal.3d 719 [129 Cal.Rptr. 166, 548 P.2d 366]) do not involve corpus delicti and are inapposite.

*Accessory after the fact instruction*

Appellant contends the trial court erred in refusing to give a lesser related offense instruction concerning accessory after the fact. (§ 32.)

Appellant principally relies upon the testimony of Kathy Simpson that after Castillo was arrested she asked appellant to pick up Castillo's gun and appellant did so.

As the trial court found, this evidence failed to satisfy the requirements of *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]. (See *People* v. *Hill* (1993) 12 Cal.App.4th 798 [15 Cal.Rptr.2d 806]; *People* v. *Jones* (1993) 14 Cal.App.4th 1252 [18 Cal.Rptr.2d 673].)

## DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.